**Robert L. DUESLER, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Warden; et al., Respondents–Appellees.**

No. 06–56611.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 10, 2008.

Robert L. Duesler, Soledad, CA, pro se.

Charles Chung, Jane Catherine Malich, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

California state prisoner Robert L. Duesler appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

We reject as foreclosed the State's contentions that there is no federally protected liberty interest in parole release in California, and that Duesler was afforded all the due process that he was entitled to under clearly established federal law because he was given an opportunity to be heard at the parole board hearing. *See id.* at 1127–28. We also reject the State's contention that the some evidence standard is not clearly established federal law, as determined by the Supreme Court, in the parole context. *See id.* at 1128–29.

Duesler contends that the California Board of Prison Terms' ("the Board") 2004 decision to deny him parole violated his due process rights. We conclude that there was no due process violation because "some evidence" supports the Board's decision. *See id.* at 1129; *see also, Irons v. Carey*, 505 F.3d 846, 852–53 (9th Cir.2007). Accordingly, Duesler has failed to demonstrate that the state court's decision denying this claim was contrary to, or involved

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *see also Superintendent v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Duesler's contentions that the Board erred by not applying a proportionality matrix to determine his sentence and by issuing a multi-year parole denial fail because claims that the Board failed to follow state law are not cognizable on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

We reject Duesler's contention that his due process rights were violated on account of the Board's systematic bias. *See Stivers v. Pierce,* 71 F.3d 732, 741 (9th Cir.1995).

We also reject Duesler's contention that the Board's denial of parole violated his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) or *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) because the Board did not increase Duesler's sentence beyond the statutory maximum of life imprisonment for his crime of second degree murder. *Cf. United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Finally, because Duesler has failed to establish a colorable claim for relief, he is not entitled to an evidentiary hearing. *See Earp v. Ornoski,* 431 F.3d 1158, 1167 (9th Cir.2005).

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).